**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **NAKIA TANISHA WASHINGTON,** | * |
| | * |
| **Plaintiff,** | * |
| | *     **Civil No. TMD 15-2044** |
| v. | * |
| | * |
| | * |
| **NANCY A. BERRYHILL,** | * |
| **Acting Commissioner of Social Security,** | * |
| | * |
| **Defendant.**[1] | * |
| | ************ |

## MEMORANDUM OPINION

Plaintiff Nakia Tanisha Washington seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for Supplemental Security Income under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 15), Defendant's Motion for Summary Judgment (ECF No. 16), and Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 20).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

follow, Defendant's Motion for Summary Judgment (ECF No. 16) is **DENIED**, Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**, and this matter is **REMANDED** under the fourth sentence of 42 U.S.C. § 405(g).

# I

## Background

On July 13, 2015, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case subsequently was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

# II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the

regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). Residual functional capacity ("RFC") is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant

numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to

differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### **Discussion**

Plaintiff maintains that substantial evidence does not support the ALJ's RFC assessment because the ALJ erred in weighing the opinions of Dr. Biggs (her treating psychiatrist) and Dr. Dhir (the consultative examiner). The ALJ gave significant weight to Dr. Dhir's opinion and less than controlling weight to Dr. Biggs's opinions. The Fourth Circuit reiterated the following standard for considering medical opinions. *Dunn v. Colvin*, 607 F. App'x 264, 267-68 (4th Cir. 2015). When evaluating medical opinions, the ALJ should consider "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson*, 434 F.3d at 654; *see* 20 C.F.R. § 404.1527. "An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,'" *Dunn*, 607 F. App'x at 267 (quoting *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992)), "or has failed to give a sufficient reason for the weight afforded a particular opinion," *id.* (citing 20 C.F.R. § 404.1527(d) (1998)); *see* 20 C.F.R. § 404.1527(c).

A treating source's opinion on issues of the nature and severity of the impairments will be given controlling weight when well supported by medically acceptable clinical and laboratory diagnostic techniques and when the opinion is consistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *see Dunn*, 607 F. App'x at 267. Conversely, however, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the

face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590. In other words, "a treating physician's opinion is to be accorded comparatively less weight if it is based on the physician's limited knowledge of the applicant's condition or conflicts with the weight of the evidence." *Meyer v. Colvin*, 754 F.3d 251, 256 (4th Cir. 2014) (citing *Craig*, 76 F.3d at 590; 20 C.F.R. § 404.1527(c)). Moreover, "the testimony of a non-examining physician can be relied upon when it is consistent with the record. Furthermore, if the medical expert testimony from examining or treating physicians goes both ways, a determination coming down on the side of the non-examining, non-treating physician should stand." *Smith*, 795 F.2d at 346 (citation omitted). An ALJ may reject a treating physician's opinion in its entirety and afford it no weight if the ALJ gives specific and legitimate reasons for doing so. *See Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014) (per curiam) (citing *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001); *Craig*, 76 F.3d at 589-90).

A medical expert's opinion as to whether one is disabled is not dispositive; opinions as to disability are reserved for the ALJ and for the ALJ alone. *See* 20 C.F.R. § 404.1527(d)(1). Generally, the more the medical source presents relevant evidence to support his opinion, and the better that he explains it, the more weight his opinion is given. *See id.* § 404.1527(c)(3). Additionally, the more consistent the opinion is with the record as a whole, the more weight the ALJ will give to it. *See id.* § 404.1527(c)(4); *see also Dunn*, 607 F. App'x at 268.

The ALJ afforded less than controlling weight to Dr. Biggs's opinions regarding Plaintiff's "extreme and marked" mental functional limitations because the ALJ found these opinions were inconsistent with Plaintiff's treatment notes in 2011. Although the ALJ found that

these notes showed Plaintiff to be stable and improving with appropriate medication management and treatment compliance, Plaintiff argues that these notes, in fact, suggest that she was not stable and improving. The Court finds that substantial evidence supports the ALJ's finding in this regard and the ALJ's finding that Dr. Biggs's opinions were inconsistent with each other. In any event, the Court "may not reweigh this evidence, and [the Court] must defer to the ALJ's determination when, as here, conflicting evidence might lead reasonable minds to disagree whether [Plaintiff] was disabled." *Sharp v. Colvin*, 660 F. App'x 251, 258 (4th Cir. 2016) (citing *Hancock*, 667 F.3d at 472; *Johnson*, 434 F.3d at 653); *see Burch v. Apfel*, 9 F. App'x 255, 259 (4th Cir. 2001) (per curiam) (ALJ did not err in giving physician's opinion little weight where physician's opinion was not consistent with her own progress notes); *Craig*, 76 F.3d at 590 (upholding ALJ's rejection of treating physician's opinion because record contained persuasive contradictory evidence and because treating physician's own notes contradicted his opinion). In short, because "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings," substantial evidence supports the weight afforded by the ALJ to Dr. Biggs's opinions. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir. 1999) (Posner, C.J.) (upholding ALJ's rejection of physician's check-box form where it was contradicted by evidence in record); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (finding that ALJ permissibly rejected psychological evaluations because they were check-off reports that did not contain any explanation of the bases of their conclusions).

However, the ALJ gave significant weight to Dr. Dhir's opinion that Plaintiff's "conditions resulted in moderate limitation with regard to social functioning and maintaining concentration, persistence and pace." R. at 22. The ALJ found that Dr. Dhir's consultative

mental status examination supported such limitations (R. at 22), despite Dr. Dhir's finding that Plaintiff's concentration and memory on testing were poor (R. at 380).  Plaintiff contends that this finding by Dr. Dhir supports a finding of marked restrictions in concentration, persistence, or pace.  In this instance, the Court cannot say that substantial evidence supports the weight given to Dr. Dhir's opinion, given that the doctor found Plaintiff's concentration and memory to be poor.  *See Hudson v. Comm'r, Soc. Sec.*, No. CIV. JFM-14-3683, 2015 WL 4994095, at *3 (D. Md. Aug. 19, 2015).  Remand thus is appropriate.  On remand, the ALJ should clarify how Dr. Dhir's evaluation of Plaintiff's poor concentration and memory were incorporated into the RFC assessment.

V

**Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 16) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.  Defendant's final decision is **REVERSED IN PART** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: March 31, 2017                              /s/
                                                 Thomas M. DiGirolamo
                                                 United States Magistrate Judge